## In re KEYSTONE REFRIGERATOR EXCHANGE, Inc.

District Court, S. D. New York.
Nov. 22, 1938.

858

Joseph A. Schaines, of New York City, for petitioner Rex Cole, Inc.

Harry G. Frankel, of New York City, for trustee.

CONGER, District Judge.

This is an application on the part of the petitioner, Rex Cole, Inc., to review the determination of Oscar W. Ehrhorn, Referee in Bankruptcy, and order entered thereon dated June 7, 1938.

On November 3, 1937, an involuntary petition in bankruptcy was filed herein against the Keystone Refrigerator Exchange, Inc. At this time, Rex Cole, Inc. had in its possession 16 General Electric refrigerators, belonging to the Keystone Refrigerator Exchange, Inc., against which the petitioner, Rex Cole, Inc. claimed a lien of $382.66. Rex Cole, Inc. has been very fair in this whole matter; it notified the Receiver that it had possession of these refrigerators and eventually it turned same over to the Receiver.

It is unfortunate that they did so under a misapprehension as to what would happen as a result of the sale. The letter from the Receiver apparently does state that when the goods were sold, out of the proceeds would be turned over to Rex Cole, Inc. the sum of $382.66.

However, after the refrigerators were turned over, the matter of the lien of Rex Cole, Inc. was adjudicated. As a matter of fact, while the refrigerators were turned over under a misapprehension, Rex Cole, Inc. lost no rights. Their lien, if any, was stipulated to remain in the proceeds of the sale. The question therefore came up before the Referee as to whether or not there was any lien.

Rex Cole, Inc. claims a lien, not for the purchase price of the refrigerators turned over by them, but for other refrigerators purchased subsequently. The 16 refrigerators were fully paid for in cash at the time of the sale. I have gone over very carefully, all of the papers submitted to me. I agree with the Referee.

I am unable to find any testimony to establish the claim asserted by the Keystone Refrigerator Exchange, Inc. The most that I find is the testimony of Frank Tautpheous, which reads as follows: "That this merchandise was sold and delivered to the bankrupt in reliance upon the promise of the bankrupt that the bill would be paid long before all of the merchandise stored with Rex Cole, Inc., would be called for by the bankrupt."

This, in my opinion, does not warrant a finding that a lien has been established. As a matter of fact, had the claim asserted by the Keystone Refrigerator Exchange, Inc. been fully proved, there still would be no lien. The only provision for a lien I can find for an unpaid seller is set forth in the Personal Property Law, Consol.Laws, c. 41, §§ 133–135. There, the rights and remedies of an unpaid seller are set forth in full, but that does not apply here because these goods were fully paid for. The petition for review is denied, and the report of the Referee is confirmed.